UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ORUCH LOWENBEIN on behalf of himself and
all others similarly situated                                    11 CV 1150 (RJD)

                              Plaintiff,

    -against-

CREDITORS FINANCIAL GROUP, LLC

                             Defendant.

-----------------------------------------------------------

## AMENDED CLASS ACTION COMPLAINT

### *Introduction*

1. Oruch Lowenbein seeks redress for the illegal practices of Creditors Financial Group, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone Communications Privacy Act.

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt

4. Upon information and belief, Creditors Financial Group, LLC is a Colorado limited liability company with its principal place of business located in Aurora, Colorado.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction on the TCPA claim

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Oruch Lowenbein*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. On or about July 16, 2010 defendant's collection representative left a message for the plaintiff on his answering machine.

11. Said message failed to set forth that the matter was a communication from a debt collector.

12. Plaintiff has the message recorded.

13. Plaintiff also received numerous prerecorded messages.

14. Defendant caused plaintiff to incur charges for defendant's collection communications when plaintiff had no reason to know the communication's purpose.

15. Defendant was prohibited from placing a call that will cause a charge to plaintiff without having notified plaintiff to expect it and without having announced its collection purpose.

16. Defendant called plaintiff's wireless phone number and plaintiff was charged a toll on all those incoming calls. Plaintiff was not alerted to the calls beforehand.

17. Said messages are either in violation of 15 U.S.C. §§ 1692e(10), 1692e(11) and 1692f or both, for engaging in deceptive practices and for failing to indicate that the message was from a debt collector which constitutes a deceptive practice and for causing the plaintiff a charge unlawfully.

## **AS AND FOR A FIRST CAUSE OF ACTION**

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

18. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-17 as if set forth fully in this cause of action.

19. This cause of action is brought on behalf of plaintiff and the members of two classes.

20. Class A consists of consumers who received a message from the defendant which did not set forth that the call was a communication from a debt collector.

21. Class A consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives failing to set forth that the message was from a debt collector similar to the message for the plaintiff of July 16, 2010 (b) the message was left concerning the seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e(10) and 1692e(11).

22. Class B consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection

representatives failing to set forth that the message was from a debt collector similar to the message for the plaintiff of July 16, 2010 or any message (b) the message was left concerning the seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §1692f.

23. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that scripted telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

   (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

   (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   (E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

24. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

      Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Telephonic collection attempts, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

27. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

28. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by plaintiff*

29. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-13 as if set forth fully in this Cause of Action.

30. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating seventeen (17) telephone calls to the plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

31. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant.

32. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs have not consented to the use of the wireless telephone number at issue.

33. Each call is a separate violation and entitles plaintiffs to statutory damages against defendant in the amount of $500.00 per call.

34. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

35. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in

violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc*., 2010 U.S. Dist. LEXIS 43874)

### *Violations of the Telephone Communications Privacy Act*

36. The actions of the defendant violate the TCPA.

37. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

   (a) Statutory damages provided under the TCPA and injunctive relief;

   (b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 25, 2011

/s/
_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

/s/
_____
Adam J. Fishbein (AF-9508)